## HARVEY J. PEAVLER ET AL.
### v.
## HESEKIAH McLAUGHLIN.

USURIOUS CONTRACT.—A note made in 1876 as follows : "Three months after date for value received we promise to pay * * * with thirty per cent. per annum after maturity for non-payment when due, and a reasonable attorney's fee if collected by suit." *Held*, that such contract was not usurious. As the note was made in 1876, the act of 1879, making such contracts usurious, did not apply to it.

APPEAL from the Circuit Court of Jefferson county; the Hon. C. C. BOGGS, Judge, presiding. Opinion filed November 24, 1886.

Mr. WM. H. GREEN, for appellants.

Mr. T. S. CASEY and Mr. G. B. LEONARD, for appellee.

GREEN, J. This action was brought by appellee against appellants to recover upon the following note : " Mt. Vernon, Ill., Oct. 16, 1876. Three months after date, for value received, we, or either of us, promise to pay to the order of H. McLaughlin, one hundred and fifty dollars, at the Mount Vernon National Bank, with thirty per cent. per annum after maturity, as liquidated damages for non-payment when due, and a reasonable attorney's fee if collected by suit.

A. M. GREEN,<br>W. DUFF GREEN,<br>H. J. PEAVLER."

On which was indorsed, Dec. 5, 1883, a credit of $47.83. The cause, by consent of parties, was tried by the court, and judgment against defendants was rendered for $522.17, and costs of suit. Defendants' motions for a new trial, to set aside judgment and in arrest of judgment, being overruled, defendants appeal. The defenses relied on were usury, and release of sureties. Our Supreme Court have uniformly held con-

tracts of the kind sued on, when made with a single purpose to secure prompt payment, not usurious, and such was the law in this State up to 1879, when, by an act in force July 1st of that year, it was among other things provided: That all contracts executed thereafter, where a greater rate of interest than eight per cent. should be reserved on account of non-payment at maturity, should be deemed usurious. This note did not come within the operation of that act, and the court was justified in finding from the evidence that the clause providing for thirty per cent. liquidated damages was inserted to enforce prompt payment of the principal at maturity, and not with a purpose to exact usurious interest; there was no agreement shown for forbearance after maturity, and appellants had the right to pay the note when it became due, and thus avoid the payment of the penalty. As to the defense of release of sureties, there was no evidence supporting it even if appellants W. Duff Green and Peavler were sureties as they claim to be. No written notice was given by them, or either of them, to McLaughlin, to bring suit upon the note, and the latter told each of the appellants the note was not paid, on several occasions after it was executed and before this suit was brought; moreover W. Duff Green, as late as Dec. 3, 1883, knew the note was unpaid and had the amount of his medical bill against appellee credited thereon. Peavler also admits he was asked about the note by appellee, and knew it was not paid as late as 1883; nor was any agreement made with A. M. Green by appellee to extend the time of payment beyond the maturity of the note. Such being the facts shown by the record, the law applicable thereto, as laid down by repeated decisions of the Supreme Court of this State, is clearly with the appellee, and the judgment of the circuit court in his favor against appellants was right and must be affirmed.

Judgment affirmed.